1 | LATHAM & WATKINS LLP
Jennifer L. Barry (Bar No. 228066)
2 | *jennifer.barry@lw.com*
Adam A. Herrera (Bar No. 328043)
3 | *adam.herrera@lw.com*
12670 High Bluff Drive
4 | San Diego, CA  92130
858.523.5400 / 858.523.5450 Fax
5 |
Ryan R. Owen (Bar No. 344853)
6 | *ryan.owen@lw.com*
650 Town Center Drive
7 | Costa Mesa, CA 92626-1925
714.540.1235 / 714.755.8290 Fax
8 |
Attorneys for Plaintiff
9 | 1661, Inc. d/b/a GOAT

10 | ARI N. ROTHMAN (SBN 296568)
SARAH S. BROOKS (SBN 266292)
11 | ALEXANDRA L. KOLSKY (SBN 347793)
VENABLE LLP
12 | 2049 Century Park East, Suite 2300
Los Angeles, CA 90067
13 | Telephone:   310.229.9900
Facsimile:    310.229.9901
14 |
Attorneys for Defendants and Counter
15 | Claimants CULTURE KINGS USA, INC.,
TF INTELLECTUAL PROPERTY PTY
16 | LTD, and SIMON BEARD

17 | **UNITED STATES DISTRICT COURT**

18 | **CENTRAL DISTRICT OF CALIFORNIA**

19 |

| | |
|---|---|
| 1661, INC. d/b/a GOAT, a Delaware corporation, | Case No. 2:24-cv-08420-DSF-MAA |
| | Hon. Dale S. Fischer |
| Plaintiff, | |
| v. | **[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIALS** |
| CULTURE KINGS USA, INC., a Delaware corporation; TF INTELLECTUAL PROPERTY PTY LTD., an Australian proprietary limited company; and SIMON BEARD, an individual, | |
| Defendant(s). | |

Plaintiff 1661, Inc. d/b/a GOAT ("Plaintiff") and Defendants Culture Kings USA, Inc. ("Culture Kings"), TF Intellectual Property Pty Ltd ("TFIP"), Simon Beard ("Beard") (Culture Kings, TFIP, and Beard are collectively referred to as "Defendants") (altogether, "the Parties") stipulate as follows:

## 1.  PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, private, or trade secret information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order Governing Confidential Materials ("Stipulated Protective Order"). The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2.  GOOD CAUSE STATEMENT

This action involves claims of trademark infringement, unfair competition, and false designation of origin brought under the Lanham Act and common law, and trademark cancellation brought under the Lanham Act. Therefore, the parties anticipate that discovery in this matter may call for the disclosure of, among other things, trade secrets, customer information and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for

any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, such as marketing strategies, information regarding confidential business practices, or other confidential research, development, or commercial information, non-public information implicating privacy rights of third parties, including personally identifying information, customer contact information, marketing strategies, and other identifying information of both parties and non-parties, and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions or common law.  The parties further anticipate that discovery may call for the disclosure of highly confidential information, including competitively sensitive and proprietary information such as marketing and business plans, financial information, and other proprietary information such as marketing and business plans, financial information, and other proprietary information related to customer relationships or information implicating privacy rights of third parties. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential or highly confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3. **DEFINITIONS**

3.1 <u>Action</u>: *1661, Inc. v. Culture Kings USA, Inc., et al.*, Civil Action No. 2:24-cv-0842-DSF-MAA.

3.2 <u>Challenging Party</u>: A Party or Nonparty that challenges the designation of information or items under this Stipulated Protective Order.

3.3 "<u>CONFIDENTIAL</u>" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4 <u>Counsel</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.5 <u>Designating Party</u>: A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY."

3.6 <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

3.7 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

3.8 <u>In-House Counsel</u>: Attorneys, paralegals, and other legal department

personnel, who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.9    Nonparty: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3.10    Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

3.11    Party or Parties: Any party to this Action, including all of its officers, directors, employees, consultants, and retained experts.

3.12    Producing Party: A Party or Nonparty that produces Disclosure or Discovery Material in this Action.

3.13    Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.14    Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.15    Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

3.16    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Certain limited information (regardless of how it is generated, stored or maintained) or tangible things that qualify for

"CONFIDENTIAL" designation under Section 3.3 of this Stipulated Protective Order and the authority cited therein, that is competitively sensitive and constitutes or contains: (1) technical information such as product design or formulation, (2) information within the definition of trade secret provided by state or federal law, (3) formulae or source code, (4) research and development information, (5) customer lists, (6) sales, cost, pricing, or other financial information, (7) plans for strategic business initiatives or marketing plans, or (8) any other information that disclosure of which to another Party or Nonparty would create a substantial risk of serious harm that could not be avoided by less restrictive means.

## 4.    **SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  All notes, memoranda, reports, and other written communications that reveal or discuss information contained in Protected Materials will be given the same protections under this Stipulated Protective Order as though they were designated as Protected Material.

However, the protections conferred by this Stipulated Protective Order do not cover the following information: (1) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order, including becoming part of the public record through trial or otherwise; and (2) any information known to the Receiving

Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Stipulated Protective Order does not govern the use of Protected Material at trial.

**5.    <u>DURATION</u>**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**6.    <u>DESIGNATING PROTECTED MATERIAL</u>**

6.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or Nonparty that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate or routinized designations are prohibited.

Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable or mistaken designation.

6.2   <u>Manner and Timing of Designations</u>.

Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, Section 6.2(a)), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires the following:

(a)   For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings): The Producing Party must affix at a minimum, the legend "CONFIDENTIAL", or the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or "HIGHLY CONFIDENTIAL—AEO" as space permits), to each page that contains Protected Material, including on each page of any electronically produced document. If only a portion or portions of the material on a page qualifies for protection, the

Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

        A Party or Nonparty that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which documents or materials it would like copied and produced. During the inspection and before the designation, all of the documents and materials made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents and materials it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" or the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    For testimony given in depositions or in other pretrial or trial proceedings:  All transcripts will automatically be designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" from the day of the deposition or proceeding to thirty calendar days after the final original transcript becomes available for

review.  During this period of automatic designation, the Designating Party may provide written designations of those portions of the testimony that qualify for protection under this Stipulated Protective Order.  If such written designations are submitted, then the final transcript will be revised to reflect those designations.  After the expiration of this period of automatic designation, if no written designations are submitted by the Designating Party, then the entire transcript will be deemed not confidential, and the transcript will be revised to remove all confidentiality designations.

(c)    For information produced in nondocumentary form, and for any other tangible items: the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or "HIGHLY CONFIDENTIAL—AEO" as space permits) in a prominent place on the exterior of the container or containers in which the information or item is stored or in some other reasonable fashion depending on the form of the material.  If that matter is stored or recorded electronically (including databases, images, or programs stored on computers, discs, networks or backup tapes) and a legend cannot be affixed on it, the Designating Party may designate such material using the legend "CONFIDENTIAL" or the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by cover letter identifying the Protected Material.  Parties other than the Producing Party shall also have the right to designate such materials for confidential treatment in accordance with this Stipulated Protective Order by written

notice. If only a portion or portions of the information warrants protection, the Designating Party, to the extent practicable, shall designate the protected portion(s) only.

6.3    Inadvertent Failure to Designate.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

6.4    FRE 502(d) Order and Clawback Procedure.

(a)    **No Waiver**. If the Producing Party discloses information in connection with this action that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action— of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

(b)    **Full Protection**. This Stipulated Protective Order protects any disclosure of Protected Information, whether that disclosure is inadvertent or otherwise.

(c)    **Degree of Care**. Each Party is entitled to decide, in its sole discretion, the appropriate degree of care to exercise in reviewing materials for privilege. Irrespective of the care that is

actually exercised in reviewing materials for privilege, the Court hereby orders that disclosure of Protected Information in discovery conducted in this action shall not waive any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

(d)  **Notification**.  A Producing Party must notify the Receiving Party, in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure.  Upon receipt of such notification, the Receiving Party shall immediately take all reasonable steps to destroy or return all copies, electronic or otherwise, of such document or other information, and shall provide a written certification that it will cease further review, dissemination, and use of the Protected Information. Provided, however, that if the Receiving Party intends to challenge the designation, it may keep a copy of the Protected Information, but must not use or disclose the Protected Information for any purpose other than to the Court for in camera review in determining a privilege challenge.  To be clear, the Receiving Party must not review, use, or disclose the Protected Information in any manner until the claim is resolved by an in camera review.

(e)  **Maximum Protections**.  This Stipulated Protective Order shall be interpreted to provide the maximum protection allowed to the Producing Party by Federal Rule of Evidence 502(d).  The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under

this Stipulated Protective Order.  However, if for any reason the Court finds that this Section is inapplicable to Protected Information, then Rule 502(b) will apply in its absence.

6.5     Applicability to Nonparties.  In the course of this action, the Parties may attempt to discover documents and information from Nonparties. Any Nonparty from whom discovery is sought by a Party to this action may avail itself of the protections and limitations of disclosure provided for in this Stipulated Protective Order.  The Nonparty shall identify any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information produced in accordance with this Stipulated Protective Order.  The Parties hereby agree to treat any material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and produced by a Nonparty in accordance with the terms of this Stipulated Protective Order.  The Parties shall reference this Stipulated Protective Order in any subpoena or discovery request they serve or otherwise provide to any Nonparty.

## 7.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1     Timing of Challenges.

Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2     Meet and Confer.

The Challenging Party shall initiate the dispute resolution process, which shall comply with Local Rule 37-1 et seq., and with Section 4 of Judge Audero's Procedures ("Mandatory Telephonic

Conference for Discovery Disputes").[1]

Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

7.3   Burden of Persuasion.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8.   **ACCESS TO AND USE OF PROTECTED MATERIALS**

8.1   Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the Action reaches a final disposition, a Receiving Party must comply with the provisions of Section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably

---

[1] Judge Audero's Procedures are available at https://www.cacd.uscourts.gov/honorable-maria-audero.

ensures that access is limited to the persons authorized under this Stipulated Protective Order.

8.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     The Receiving Party's In-House Counsel;

(c)     The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(d)     Experts (as defined in this Stipulated Protective Order) of the Receiving Party, and their administrative support staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     The Court and its personnel;

(f)     Court reporters and their staff;

(g)     Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)    During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (ii) the witness will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(j)    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to those persons listed in Sections 8.2(a)-(b), (e)-(h) and (j) above, as well as experts as set forth in Section 8.2(d) above as long as the procedures set forth in Section 8.4 below have been followed:

8.4    <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information to Experts</u>.  A Receiving Party may disclose any information or item

designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to an Expert as long as five business days have passed without receiving a written objection after serving the Expert's signed "Acknowledgement and Agreement to Be Bound" on the Designating Party.  When serving the signed acknowledgement, the Receiving Party must also disclose the following: (1) the full name of the Expert, (2) a copy of the Expert's current resume, (3) the Expert's current employer(s) (4) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years (by name and number of the case, filing date, and location of court).

If the Designating Party objects to the Expert receiving information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," it must object in writing and within five business days after receiving the above information from the Receiving Party.  Any such objection must set forth in detail the grounds on which it is based.

A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts

to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.5    <u>Disclosure Not Otherwise Authorized</u>.  In the event that counsel representing any Party in this action believes that it is necessary to disclose Protected Materials to an individual or entity to whom disclosure is not permitted by this Stipulated Protective Order, such counsel shall make a written request to counsel for the Designating Party identifying the individual to whom it is desired to make such disclosure and the specific Protected Materials involved, and notifying the Designating Party that it has five business days to object to such disclosure.  Within five business days of the request, counsel for the Designating Party may object to such disclosure by making a written objection.  Failure to object constitutes consent to such disclosure.

In the event that a Designating Party objects to such disclosure, such Protected Materials shall not be disclosed to any individual other than those to whom disclosure is permitted by the provisions of this Stipulated Protective Order until such dispute has been resolved by agreement of the Parties or, after the Parties engage in a good faith meet and confer about this issue (which conference is to occur within five business days of a written request therefor), by order of the Court. However, both parties agree to act in good faith to approve reasonable requests, if feasible, to use "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" information at depositions taken in this action, but acknowledge that requests of this nature should generally be made using the procedure in this Section prior to the deposition if reasonably anticipated.

      8.6  <u>Authorized Disclosures</u>.  Nothing in this Stipulated Protective Order shall preclude any party to the proceeding or their attorneys from:

      (a)  Showing materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to an individual who either prepared or reviewed the document prior to the filing of this action, or is shown by the document to have received the document.

      (b)  Disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files.

      (c)  Disclosing or using, in any manner or for any purpose, any information, documents, or things obtained from a lawful source other than discovery.

      (d)  Disclosing or using, in any manner or for any purpose, any information, document, or thing that is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the Receiving Party, generally available to the relevant public through publication or otherwise, or is already rightfully in the possession of the Receiving Party at the time of production.

## 9.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action by the Designating Party as "CONFIDENTIAL," or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)     Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10.     A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

10.1    Notification.

In the event that a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's confidential information, then the Party

shall:

(a)    Promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(b)    Promptly provide the Nonparty with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)    Make the information requested available for inspection by the Nonparty, if requested.

10.2    <u>Conditions of Production</u>.

If the Nonparty fails to seek a protective order from this Court within fourteen (14) days after receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's confidential information responsive to the discovery request. If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by the Court. Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party immediately must, and no later than two business days after learning of such disclosure, (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve

all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

**12.    MISCELLANEOUS**

12.1    Right to Further Relief.

      Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections.

      By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3    Filing Protected Material.

      A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12.4    Admissions and Waivers.  Neither the entry of this Stipulated Protective Order, nor the designation of any information or documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or failure to make such a designation,

shall constitute evidence or any admission with respect to any issue in the case, and shall not constitute a waiver of any objections to the disclosure of such information.  Nothing in this Stipulated Protective Order shall be construed as waiving any objections of either Party as to the admissibility of a particular document into evidence.  Moreover, nothing in this Stipulated Protective Order shall be construed as to require any Party to disclose to any other Party any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, or to prohibit any Party from refusing to disclose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to any other Party.

## 13.   FINAL DISPOSITION

Unless otherwise ordered or agreed to in writing by the Producing Party, within sixty (60) days after the final termination of this Action by settlement or exhaustion of all appeals, all parties in receipt of Protected Material shall use reasonable efforts to either return such materials and copies thereof to the Producing Party or destroy such Protected Material and certify that fact in writing. The Receiving Party's reasonable efforts shall not require the return or destruction of Protected Material from (1) disaster recovery or business continuity backups, (2) data stored in back-end databases critical to application operability and system-generated temporary folders, (3) archived data with limited end-user accessibility, or (4) material that is subject to legal hold obligations or commingled with other such material.  Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Material, but such retained information shall continue to be treated in accordance with the Stipulated Protective Order and destroyed in due course.

Counsel for the Parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), legal memoranda, expert reports, communications, and attorney work product that contain or refer to Protected Material, provided that such counsel and employees of such counsel shall not disclose such Protected Material to any person, except pursuant to court order. Nothing shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

14. **VIOLATION**

Any violation of this Stipulated Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

Dated: April 14, 2025                    LATHAM & WATKINS LLP


                                        */s/ Jennifer L. Barry*
                                        Jennifer L. Barry
                                        Adam A. Herrera
                                        Ryan R. Owen

                                        *Attorneys for Plaintiff*
                                        1661, Inc. d/b/a GOAT



Dated: April 14, 2025                    VENABLE LLP


                                        */s/ Ari N. Rothman*
                                        Ari N. Rothman
                                        Sarah S. Brooks
                                        Alexandra L. Kolsky

*Attorneys for Defendants*
Culture Kings USA, Inc., TF
Intellectual Property Pty Ltd., and
Simon Beard

## ATTESTATION OF CONCURRENCE IN FILING

In accordance with L.R. 5-4.3.4, I attest that I have obtained the concurrence of all other signatories in the filing of this document.

Dated: April 14, 2025                         LATHAM & WATKINS LLP

                                              By:  */s/ Jennifer L. Barry*
                                                   Jennifer L. Barry

                                              *Attorneys for Plaintiff*
                                              1661, Inc. d/b/a GOAT

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: 04/14/2025 _____       _____
                                        Maria A. Audero
                                        United States Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____

_____ [address], declare under penalty of perjury that I have read in its

entirety and understand the Protective Order Governing Confidential Materials

("Stipulated Protective Order") that was issued by the United States District Court

for the Central District of California in the case of *1661, Inc. v. Culture Kings USA,*

*Inc., et al.*, No. 2:24-cv-08420. I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order, and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Stipulated Protective

Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [full name] of_____

_____[address and telephone number]

as my California agent for service of process in connection with this action or

any proceedings related to enforcement of this Stipulated Protective Order.

Signature:                                   _____

Printed Name:                      _____

Date:                                          _____

City and State Where Sworn and Signed:      _____